**2015-5149**

# United States Court of Appeals
# for the Federal Circuit

MICHAEL ALAMO, EMMETT BRANNEN, WILLIAM BREZENSKI,
IVY JIM BRINSON, BRIAN CALDWELL, THOMAS J DEMAJO, III,
MARK DEUNGER, SANDRA DEUNGER, DOUGLAS L DILLER,
BERNARD J FERMIN, TAMARA GRANDIA, CARL GREGORY,
MARK HAHN, LISA ANN HAHN, KIMBERLY HARPER,
CRYSTAL HENSLER, JUAN HERNANDEZ, WILLIAM J. JOHNSON,
FLOYD JUSTICE, MARGARET KING, GLORIA D. LONG, JIM OCHOA,
JAMES G. OOMS, ARTURO RINCONES, THOMAS L. ROBERTS, WARREN
F. SCRIBNER, II, BRIAN TINER, CRAIG R. WILCOX, JAMES WILLIS,

*Plaintiffs-Appellants,*

*v.*

UNITED STATES,

*Defendant-Appellee.*

*Appeal from the United States Court of Federal Claims in Case No. 13-211C, Judge Lydia Kay Griggsby*

**BRIEF OF APPELLANTS, MICHAEL ALAMO, et al.**

Jacob Y. Statman, Esq.
Jason I. Weisbrot, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9091
Email: jstatman@sniderlaw.com

*Counsel for Appellants*

FORM 9.  Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Michael Alamo et al.                 **v.**     United States

Case No.     2015-5149

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

Jacob Y. Statman, Esq.                 certifies the following (use "None" if applicable; use extra sheets if necessary):

1.     The full name of every party or amicus represented by me is:

See attached.

2.     The name of the real party in interest (Please only include any real party in interest NOT identified in Question 3. below) represented by me is:

See attached.

3.     All parent corporations and any publicly held companies that own 10 percent of the stock of the party or amicus curiae represented by me are listed below. (Please list each party or amicus curiae represented with the parent or publicly held company that owns 10 percent or more so they are distinguished separately.)

N/A

4.  ☒  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

Jason I. Weisbrot, Esq. and Jacob Y. Statman, Esq.
Snider & Associates, LLC

September 24, 2015
_____
Date

_____
Signature of counsel

Please Note: All questions must be answered

Jacob Y. Statman, Esq.
_____
Printed name of counsel

cc:     Emma Bond, Esq.

Reset Fields

i

Attachment to Form 9:

**<u>Response to Question 1:</u>**

1. Michael Alamo
2. Emmett Brannen
3. William Brezenski
4. Ivy Jim Brinson
5. Brian Caldwell
6. Thomas J. Demajo, III
7. Mark Deunger
8. Douglas L. Diller
9. Bernard J. Fermin
10. Tamara Grandia
11. Carl Gregory
12. Lisa Ann Hahn
13. Mark Hahn
14. Crystal Hensler
15. Juan Hernandez
16. William J. Johnson
17. Margaret King
18. Gloria D. Long
19. Jim Ochoa
20. James G. Ooms
21. Arturo Rincones
22. Thomas L. Roberts
23. Warren F. Scribner, Ii
24. Brian Tiner
25. Craig R. Wilcox

# **TABLE OF CONTENTS**

*Page*

CERTIFICATE OF INTEREST ............................................................... i

TABLE OF AUTHORITIES ................................................................ v

STATEMENT OF RELATED CASES ................................................ ix

STATEMENT OF JURISDICTION ...................................................... 1

ISSUES PRESENTED FOR REVIEW ................................................. 1

STATEMENT OF THE CASE ............................................................... 2

STATEMENT OF FACTS .................................................................... 3

SUMMARY OF THE ARGUMENT .................................................... 5

ARGUMENT & ANALYSIS ............................................................... 6

    I.     Standard of Review. ........................................................... 6

    II.    The Trial Court erred when it held that the Appellee's overtime pay calculation, which did not include an additional payment for the straight time portion of overtime pay for regularly scheduled overtime, was proper. ........................................................ 7

    III.   The Applicable Statutory and Regulatory Provisions. ......................... 7

    IV.   Appellants are entitled to the straight time portion of overtime pay for all hours worked in excess of 80 hours per pay period. ....... 12

    V.    The Appellee's method of calculation violates the statutory and regulatory scheme set out in the FLSA and 5 C.F.R. § 551 *et seq*. ................................................................................ 16

        1.    Appellee's method of calculation violates 5 C.F.R. § 551.512. .................................................................. 16

        2.    Appellee's method of calculation violates 5 C.F.R. § 551.513 ................................................................... 21

VI.   The Trial Court erred when it relied upon the statutory and regulatory exclusions that apply to FLSA exempt employees .......... 23

    1.   Appellee's method of calculation is not supported by 5 U.S.C. §§ 5542 and 5545. ...................................................... 23

    2.   Appellee's method of calculation is not supported by 5 C.F.R. § 550.141. .................................................................. 28

VII.  The FLSA and OPM's implementing regulations in 5 C.F.R. § 551 *et seq*. do not conflict. ................................................ 31

VIII. The Trial Court erred when it held that the Appellee properly calculated the non-exempt Appellants' hourly regular rate of pay. ..................................................................................... 32

IX.   The Trial Court erred when it held that the Appellee's method of calculation, which was calculated on a weekly rather than bi-weekly basis, was proper. ................................................... 33

CONCLUSION ................................................................................... 37

ADDENDUM ....................................................................................... A1

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abreu v. United States,*
  948 F.2d 1229 (Fed. Cir. 1991) ........................................................27

*Alexander v. United States,*
  28 Fed. Cl. 475 (1993) ...................................................................19

*Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc.,*
  467 U.S. 837 (1984) ......................................................................31

*Winstar Corp. v. United States,*
  64 F.3d 1531 (Fed. Cir. 1995) (en banc) ...........................................6

**Statutes**

5 U.S.C. § 5504 ..................................................................... 8, 34

5 U.S.C. § 5541 *et seq.*............................................................ 8, 25

5 U.S.C. § 5542 ............................................................ 13, 23, 24, 26

5 U.S.C. § 5542(a) ...................................................... 26, 27, 28, 35

5 U.S.C. § 5542(a)(1).................................................................27

5 U.S.C. § 5542(c) ...................................................................26

5 U.S.C. § 5543 ......................................................................13

5 U.S.C. § 5544 ................................................................. 12, 13

5 U.S.C. § 5544(a) ...................................................................35

5 U.S.C. § 5545(c) ..............................................................*passim*

5 U.S.C. § 5545(c)(1)............................................................*passim*

5 U.S.C. § 5545b ........................................................ 12, 13, 15, 29

5 U.S.C. § 5546 ......................................................................28

5 U.S.C. § 5546(a) ...................................................................................28

5 U.S.C. § 6121 .............................................................................. *passim*

5 U.S.C. § 6121(5) ............................................................................ 34, 35

5 U.S.C. § 6121(6) or (7) ............................................................. 6, 33, 34

5 U.S.C. § 6121(7) ...................................................................................34

5 U.S.C. § 6128 .............................................................................. p*assim*

5 U.S.C. § 6128(a) ...................................................................................36

5 U.S.C. § 6128(b) ...................................................................................35

12 U.S.C. § 1295(a)(3) ...............................................................................1

28 U.S.C. § 2107(b) ....................................................................................1

29 U.S.C. § 207 .......................................................................................36

29 U.S.C. § 207(a) ........................................................................ 16, 24, 25

29 U.S.C. § 207(a)(1) .................................................................................8

29 U.S.C. § 207(k) ...................................................................................15

Fair Labor Standards Act ............................................................... *passim*

Federal Employee Pay Act............................................................. *passim*

**Rules**

Ct. Cl. R. 56(c) ...........................................................................................7

Fed. R. Civ. P. 56(c).....................................................................................7

**Regulations**

5 C.F.R. § 501 .........................................................................................10

5 C.F.R § 550 ..........................................................................................29

5 C.F.R. § 511 ....................................................................................... 8, 10

5 C.F.R. § 512 ............................................................................. 8, 10, 11, 22

5 C.F.R. § 512 (a)(1) .......................................................................... 19, 20

5 C.F.R. § 513 .......................................................................................... 9, 22

5 C.F.R. § 550 .......................................................................................... 9, 23

5 C.F.R. § 550.111 ......................................................................................... 9

5 C.F.R. § 550.113 ......................................................................................... 9

5 C.F.R. § 550.501(c) .......................................................................... 9, 10

5 C.F.R. § 550.541 ......................................................................................25

5 C.F.R. § 550.602(a) ..................................................................................34

5 C.F.R. § 550.604 .............................................................................. 12, 34

5 C.F.R. § 551.104 ................................................................................ 9, 34

5 C.F.R. § 551.215 ......................................................................................15

5 C.F.R. § 551.216 ......................................................................................15

5 C.F.R. § 551.501 ................................................................. 10, 12, 13, 15

5 C.F.R. § 551.501(a)(1) ............................................................... *passim*

5 C.F.R. § 551.501(a)(5) ............................................... 13, 14, 15, 16

5 C.F.R. § 551.501(a)(6) ..............................................................................14

5 C.F.R. §§ 550.511-514 ...........................................................................8

5 C.F.R. § 551.511 ............................................................... 6, 10, 32

5 C.F.R. § 551.511(a) .................................................................. 10, 32

5 C.F.R. § 551.511(b) ..................................................................................19

5 C.F.R. § 551.512 ................................................................. 5, 10, 16, 17

5 C.F.R. § 551.512(a) ...................................... 16, 17, 18, 22, 24, 32

5 C.F.R. § 551.512(b) ..................................................... 17, 18, 21, 24, 32

5 C.F.R. § 551.512(c).............................................................. 11, 20, 21

5 C.F.R. § 551.513 ............................................................ 5, 11, 21, 22

5 C.F.R. § 551.541 ................................................................... 11, 15

5 C.F.R. § 551.541(a)................................................................ 15, 16

5 C.F.R. Parts 550 and 551 ..............................................................7, 8

Overtime Pay Provisions. 5 C.F.R. § 551.501 *et seq*..............................................10

## **STATEMENT OF RELATED CASES**

There are no other appeals from this action in this Court or in any other appellate court.

## STATEMENT OF JURISDICTION

Appellants, Michael Alamo, et al., petition this Court for review of the July 30, 2015 Memorandum Opinion and Order issued by the Honorable Lydia Kay Griggsby in Case No. 13-211C in the U.S. Court of Federal Claims. The Memorandum Opinion and Order was final, and disposed of all of the Parties' claims. Appellants timely filed their Notice of Appeal on September 10, 2015, within 60 days of the Order. 28 U.S.C. § 2107(b). This Court possesses jurisdiction pursuant to 12 U.S.C. § 1295(a)(3).

## ISSUES PRESENTED FOR REVIEW

1. Whether this Court should reverse the Memorandum Opinion and Order (the "Order") because the Trial Court erred when it held that the Appellee's overtime pay calculation, which did not include an additional payment for the straight time portion of overtime pay for regularly scheduled overtime, was proper?

2. Whether this Court should reverse the Order because the Trial Court erred when it held that the Appellee properly calculated the non-exempt Appellants' hourly regular rate of pay?

3. Whether this Court should reverse the Order because the Trial Court erred when it held that the Appellee's method of payment calculation, which was calculated on a weekly rather than bi-weekly basis, was proper?

1

## **STATEMENT OF THE CASE**

The Appellants in this case are a group of current and former emergency medical technicians ("EMTs") and paramedics employed by the United States, Department of Army, Fort Stewart, Liberty, Georgia. JA 0002. Appellants brought this action based upon alleged violations of the Fair Labor Standards Act (the "FLSA" or the "Act") and the Federal Employee Pay Act ("FEPA" or "Title V"). *Id.* The Parties entered into Joint Stipulations of Facts with Appendix, JA 00031-62, and filed Cross Motions for Summary Judgment concerning the manner and method of the calculation of Appellants' overtime pay. On July 30, 2015, Judge Lydia Kay Griggsby issued the Order[1]. JA 0001-12. Having ruled for Appellee on all issues, the Trial Court granted Appellee's Motion for Summary Judgment and denied Appellants' Motion for Summary Judgment. JA 00012. Appellants timely filed the instant appeal and for the reasons stated below seek reversal of the Order.

---

[1] On July 30, 2015, the Court issued its Memorandum Opinion and Order under seal. The Opinion and Order was reissued for publication on August 18, 2015.

2

## STATEMENT OF FACTS

The material facts in this case are undisputed. JA 0002. The Appellants are 29[2] current and former EMTs and paramedics employed by the U.S. Department of Army, and assigned to Fort Stewart, Liberty, Georgia. *Id.* The Appellants at issue are non-exempt from the FLSA and do not engage in fire suppression or law enforcement activities. *Id.* At all times relevant herein, Appellants received pay at grade GS-10 (or its equivalent) or below. *Id.* During the relevant time period, the non-exempt Appellants received standby duty premium pay at a rate of 10 percent of their annual salary pursuant to 5 U.S.C. § 5545(c)(1). *Id.*

Appellants work a compressed work schedule, which generally consisted of two 24-hour shifts per week. JA 00036. However, during portions of the relevant time period, Appellants' compressed work schedule consisted of one 24-hour shift, followed by an off-duty period of 48 hours, followed by another 24-hour shift. The Appellants had a cycle every three pay periods in which they worked 120 hours for the first two pay periods, and 96 hours for the third pay period, and then the cycle repeated. *Id.,* fn. 4. Appellants' overtime hours consist of regularly scheduled overtime, which comprised work hours 81 – 96 or 120, depending on the pay

---

[2] Four of the Plaintiffs were at all times relevant herein classified as exempt from the FLSA. Appellants withdrew the claims on behalf of FLSA Exempt employees at the Trial Court. JA 000150.

period, and unscheduled overtime which comprised the hours in excess of the 96 or 120 hour pay period. JA 0002.

Appellants' pay is calculated in a somewhat complicated manner, and that method of pay is the issue before this Court. Appellee calculates the pay for the basic 40-hour workweek and regularly scheduled overtime hours by adding Appellants': (1) weekly basic pay, (2) weekly standby duty premium pay; and (3) the halftime portion of overtime for regularly scheduled overtime hours. JA 0002-3, see e.g., JA 00039-40. Appellee does not pay the straight time portion of overtime pay for regularly scheduled overtime hours (hours 81-96 or 120); instead, it uses the weekly basic pay and the weekly standby duty premium pay to compensate for the straight time portion of overtime pay. JA 0002-3. Appellee calculates pay on a weekly basis. JA 00010.

In Appellee's method of calculation, the weekly basic pay is calculated by dividing an employee's total annual salary by 2,087 and multiplying the result by 40 hours. JA 00037. The weekly standby duty premium pay is reached by multiplying the annual salary by the standby duty premium pay percentage of 10%, dividing the result by 2,087 hours, and multiplying the result by 40 hours. JA 00037-38. In the context of calculating the hourly regular rate of pay, this sum, the purported total remuneration, is divided by the total number of hours worked in the week. JA 0003. The hourly regular rate of pay is multiplied by 0.5 and that result is

4

multiplied by the number of hours of regularly scheduled overtime worked during the week to yield the Appellant's regularly scheduled overtime pay. *Id.* See, e.g. JA 00039-40.

While the Parties agree that this is the method used by the Appellee to calculate Appellants' pay; the Parties do not agree that this method is proper or is in compliance with applicable FLSA statute and regulation. JA 00037, fn. 5. Appellants argued before the Trial Court and as set forth *infra*, that this method was improper because it deprives the employees from receiving their entitlement to the straight time portion of overtime pay for regularly scheduled overtime hours pursuant to 5 C.F.R. § 551.512(a)(1).

## SUMMARY OF THE ARGUMENT

The Trial Court erred as a matter of law when it held that Appellants were properly compensated pursuant to Title 5 and the FLSA. Appellants are entitled to an additional payment for the straight time portion of overtime pay for regularly scheduled overtime hours pursuant to 5 C.F.R. § 551.512 and 513. The Trial Court erred by finding that the combination of the weekly basic pay and weekly standby duty premium pay served to substitute as compensation for the straight time portion of overtime pay for regularly scheduled overtime hours.

In erring, the Trial Court improperly approved Appellee's method of calculation of the hourly regularly rate of pay for the half time portion of overtime

5

pay owed to Appellants. The additional payment of the straight time portion of overtime pay for regularly scheduled overtime pay should be included in total remuneration when calculating the hourly regular rate of pay. 5 C.F.R. § 551.511. This error results in Appellants receiving a deflated half-time portion of overtime pay.

The Trial Court also erred as a matter of law in finding that the Appellants' pay should be calculated on a weekly basis rather than a bi-weekly basis. Appellants are on a compressed work schedule, and as such, OPM's pay regulations require the calculation of pay based on a workweek defined by the unit of time used as the basis for applying overtime standards under 5 U.S.C. § 6121(6) or (7). That unit of time is 80 hours per pay period.

## ARGUMENT & ANALYSIS

### I.    STANDARD OF REVIEW.

In an appeal from a decision granting summary judgment, this Court applies a *de novo* standard of review, drawing justifiable factual inferences in favor of the party opposing the judgment. *Winstar Corp. v. United States,* 64 F.3d 1531, 1539 (Fed. Cir. 1995) (en banc). The Court of Federal Claims applies the same summary judgment standard as do federal district courts: summary judgment is proper if the evidence demonstrates that "there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Ct. Cl. R. 56(c);

cf. Fed. R. Civ. P. 56(c).

## II.  **THE TRIAL COURT ERRED WHEN IT HELD THAT THE APPELLEE'S OVERTIME PAY CALCULATION, WHICH DID NOT INCLUDE AN ADDITIONAL PAYMENT FOR THE STRAIGHT TIME PORTION OF OVERTIME PAY FOR REGULARLY SCHEDULED OVERTIME, WAS PROPER.**

In the Order, the Trial Court incorrectly states that it was an undisputed

material fact that the Appellee properly compensated the Non-exempt Plaintiffs for

their regularly scheduled overtime hours under the FLSA and Title 5. JA 0008.

That is precisely what Appellants challenge – that the Appellee failed to include an

additional payment for the straight time portion of overtime pay for regularly

scheduled overtime hours in the calculation of the straight time pay in accordance

with the FLSA and implementing OPM regulations applicable to non-exempt

employees.

## III.  **THE APPLICABLE STATUTORY AND REGULATORY PROVISIONS.**

The FLSA and OPM's implementing regulations in 5 C.F.R. Parts 550 and

551 set out the basic framework for the administration of overtime pay for federal

employees. The relevant provision of the FLSA, referred to as Section 7(a),

provides for payment of overtime at a rate equal to at least one and one half times

the regular rate for all hours worked in excess of 40 hours per week:

§ 207. Maximum hours

(a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions

(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

The FLSA's counterpart, referred to as Title 5, is found in 5 U.S.C. § 5541 *et seq.* Title 5 and the statutory and regulatory provisions concerning standby duty premium pay are discussed *infra* in more detail in **VI**. Of note, in 5 U.S.C. § 5504, titled "biweekly pay period; computation of pay" the Code defines the pay period as two administrative workweeks, and outlines the computation of pay for a biweekly rate (deriving the hourly rate by dividing the annual rate by 2,087, and multiplying by 80). 5 U.S.C. § 5504.

The OPM regulations provide further clarification of the method of calculation for overtime pay in Parts 550 and 551 of Title 5 of the Code of Federal Regulations. Part 550 is titled "Pay Administration (General)." In 5 C.F.R. §§ 550.511-514, OPM outlines the framework for the authorization of overtime pay (Section 511), computation of overtime hours (Section 512), and computation of

8

overtime pay (Section 513). But only Section 512 of Part 550 is applicable to Appellants (to determine the hours of work) because per 5 C.F.R. § 550.501(c), except for the purpose of determining hours of work in excess of 8 hours in a day, Sections 550.111 and 550.113 of the subpart do not apply to employees who are subject to the overtime pay provisions of section 7 of the Fair Labor Standards Act of 1938 and Part 551 of that Chapter.

Part 551 is titled "Pay Administration Under the Fair Labor Standards Act." The definition of several key terms is found in 5 C.F.R. § 551.104:

> *Act* or *FLSA* means the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 *et seq*.).
>
> *FLSA exempt* means not covered by the minimum wage and overtime provisions of the Act.
>
> *FLSA nonexempt* means covered by the minimum wage and overtime provisions of the Act.
>
> *FLSA overtime pay* means overtime pay under this part.
>
> *Hours of work* means all time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency….
>
> *Title 5 overtime pay,* for the purpose of § 551.211, means overtime pay under part 550 of this chapter.
>
> *Workweek* means a fixed and recurring period of 168 hours—seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of a day. For employees subject to part 610 of this chapter, the workweek must be the same as the administrative workweek defined in § 610.102 of this chapter.

5 C.F.R. § 551.104.

9

It is clear, therefore, that Appellants, as non-exempt employees, are covered by the overtime pay provisions of the Act, and by virtue of 5 C.F.R. § 550.501(c), the calculation of overtime pay is subject to Part 551, not Part 550.

Subpart E of Part 551 is the Overtime Pay Provisions. 5 C.F.R. § 551.501 *et seq*. In Section 501, OPM defines overtime pay, discussed in more detail *infra* in **IV**. Of relevance here, the Parties agree that all hours worked in excess of the first 80 hours of each pay period are overtime hours; those hours that make up the scheduled 96 or 120 hours per pay period are regularly scheduled overtime hours. *Supra.*

In Section 511, OPM defines the hourly regular rate of pay. 5 C.F.R. § 551.511. Simply, the hourly regular rate of pay is computed by dividing the total remuneration paid to an employee in the workweek by the total number of hours of work in the workweek for which such compensation was paid. 5 C.F.R. § 551.511(a). The issue concerning the hourly regular rate is discussed *infra* in **VIII.**

In Section 512, OPM explicitly outlines the overtime pay entitlement, and method of calculation, discussed in more detail *infra* in **V**. 5 C.F.R. § 551.512. The crux of that calculation is found in Section 512(a), where OPM instructs that to calculate the overtime pay entitlement, an employee must be paid (1) the straight time rate of pay (defined in Section 512(b)) times all overtime hours worked, and then add (2) the product of one-half times the hourly regular rate of pay (the one

10

defined in Section 511) times all overtime hours worked. 5 C.F.R. § 551.512(a)(1)-(2). This sum is the overtime pay entitlement for all overtime hours. Here, the Appellants maintain that they do not receive the straight time portion of overtime pay provided for in Section 512(a)(1). Additionally, the Section defines the straight time rate of pay, per 5 C.F.R. § 551.512(b), and per 5 C.F.R. § 551.512(c), provides that overtime pay is only properly compensated if the overtime rate of pay is at least equal to the straight time rate of pay for non-overtime hours. 5 C.F.R. § 551.512(c).

In Section 513, OPM explicitly provides that for those employees covered by the Act and subject to overtime pay entitlement under Part 551, overtime pay must be paid in addition to all pay, other than overtime pay, to which the employee is entitled under Title 5, United States Code, or any other authority. 5 C.F.R. § 551.513. This Section explicitly disavows the Appellee's failure to pay an additional payment for the straight time portion of overtime pay. Section 513 is discussed in more detail *infra* in **V**. 5 C.F.R. § 551.513.

Lastly, in Section 541, OPM sets out "special overtime pay provisions" for employees engaged in fire protection activities or law enforcement activities. 5 C.F.R. § 551.541. The Appellants are not, and as such, are not subject to this provision, but this provision is nonetheless instructive as to the Appellants' proper overtime pay entitlement, as is discussed *infra* in **IV**.

11

**IV.   APPELLANTS ARE ENTITLED TO THE STRAIGHT TIME PORTION OF OVERTIME PAY FOR ALL HOURS WORKED IN EXCESS OF 80 HOURS PER PAY PERIOD.**

The FLSA and regulatory scheme for non-exempt employees make clear that they must be compensated for all hours of work in excess of 8 in a day or 40 in a workweek at a rate equal to one and one-half times the employee's hourly regular rate of pay. 5 C.F.R. § 551.501. For employees on a compressed work schedule, the requirement to pay one and one-half times the employee's hourly regular rate does not start until after 80 hours in a pay period, discussed *supra* in **IX**. 5 U.S.C. § 6128; 5 C.F.R. § 550.604.

Section 551.501 provides several unique exceptions to the general rule, wherein employees shall not receive overtime pay on that basis:

**(a)** An agency shall compensate an employee who is not exempt under subpart B of this part for all hours of work in excess of 8 in a day or 40 in a workweek at a rate equal to one and one-half times the employee's hourly regular rate of pay, except that an employee shall not receive overtime compensation under this part—

**(1)** On the basis of periods of duty in excess of 8 hours in a day when the employee receives compensation for that duty under 5 U.S.C. 5545(c)(1) or (2) or 5545b;

**(2)** On the basis of hours of work in excess of 8 hours in a day that are not overtime hours of work under§ 410.402 of this chapter, part 532 of this chapter and 5 U.S.C. 5544, or part 550 of this chapter;

**(3)** On the basis of hours of work in excess of 8 hours in a day for an employee covered by 5 U.S.C. 5544 for any hours in a standby or on-call status or while sleeping or eating;

12

**(4)** On the basis of hours of work in excess of 8 hours in a day for an individual who is not an employee, as defined in 5 U.S.C. 5541(2), for purposes of 5 U.S.C. 5542, 5543, and 5544;

**(5)** On the basis of hours of work in excess of 40 hours in a workweek for an employee engaged in fire protection or law enforcement activities when the employee is receiving compensation under 5 U.S.C. 5545(c)(1) or (2) or 5545b, or is not an employee (as defined in 5 U.S.C. 5541(2)) for the purposes of 5 U.S.C. 5542, 5543, and 5544;

**(6)** For hours of work that are not "overtime hours," as defined in 5 U.S.C. 6121, for employees under flexible or compressed work schedules;

**(7)** For hours of work compensated by compensatory time off under§ 551.531 of this part; and

**(8)** For fractional hours of work, except as provided in§ 551.521 of this part.

5 C.F.R. § 551.501.

While OPM's regulatory scheme for non-exempt employees provides its own exceptions to the entitlement to overtime pay, none apply to the facts herein. To the extent it is argued the Section 501(a)(1) provides the exception, such an argument is without merit. Appellants are not seeking overtime pay in excess of eight hours in a day (551.501(a)(1)) and are certainly not engaged in fire protection or law enforcement activities (551.501(a)(5)).

In ruling for the Appellee, the Trial Court failed to address this regulation entirely. Before the Trial Court, the Appellee argued that the language in Part 551, Section 501(a)(1) precludes the Appellants from receiving additional compensation for their scheduled overtime hours. Appellee's argument is without merit and

13

essentially asks this Court to ignore the plain language of the regulation. The non-exempt Appellants are seeking overtime pay for all hours worked in excess of **80 per pay period; not eight per day**. The drafters of the regulation clearly could have written Section 501(a)(1) so as to exclude from overtime pay entitlement, all overtime hours, to include those in excess of 40 hours in a week (or 80 hours in a pay period), as they did in Section 501(a)(5). Their failure to do so is fatal to the Appellee's defense.

If the non-exempt Appellants were asking this Court to provide overtime pay for hours of work in excess of 8 hours in a day, then based upon the Appellants' work schedule of four or five 24-hour shifts per pay period, Appellants would be asking for 16 overtime hours per workday, or a total of 64 or 80 overtime hours per pay period. But Appellants have made no such request. Rather, Appellants are only seeking overtime pay for hours of work in excess of 80 in a pay period, which is specifically provided for in 5 C.F.R. § 551.501(a)(6) and pursuant to 5 U.S.C. § 6128. Per the Code – 5 U.S.C. § 6121 – "overtime hours" is defined as all hours in excess of the specified hours which constitute the compressed work schedule; and compressed work schedule is defined as an 80-hour biweekly basic work requirement which is scheduled for less than 10 workdays. 5 U.S.C. § 6121. The interplay of these two provisions makes clear that only hours of work that are not overtime hours as defined in 5 U.S.C. § 6121 for employees on compressed work

14

schedules are excluded from Section 501. For all other overtime hours, employees are entitled to be compensated per Section 501 at a rate of one and one half times the hourly regular rate of pay.

Lastly, in Section 541, OPM sets out "special overtime pay provisions" that do not apply to the Appellants, but are nonetheless instructive as to the Appellants' proper overtime pay entitlement. Per Section 541(a):

> **(a)** An employee engaged in fire protection activities or law enforcement activities (as described in§§ 551.215 and 551.216, respectively) who receives compensation for those activities under 5 U.S.C. 5545(c)(1) or (2) or 5545b, … is subject to section 7(k) of the Act and this section. (See § 551.501(a)(1) and (5)). Such an employee shall be paid at a rate equal to one and one-half times the employee's hourly regular rate of pay for those hours in a tour of duty which exceed the overtime standard for a work period specified in section 7(k) of the Act.

5 C.F.R. § 551.541(a).

Section 7(k) of the Act is an exception to the general overtime pay entitlement in Section 7(a) of the Act, and allows an Agency to set a number of hours more than 40 hours per week or 80 hours per pay period to start the entitlement to overtime pay. 29 U.S.C. § 207(k). Additionally, per 5 C.F.R. § 551.501 (a)(5), such employees who are covered under Section 541(a) are not entitled to overtime pay compensation under this subpart for hours worked in excess of 40 hours in a workweek. 5 C.F.R. § 551.501(a)(5). The key is that if receipt of standby duty premium pay served to disqualify an employee covered by Part 551 from receiving

an additional payment for the straight time portion of overtime pay for all hours
per Section 501(a)(1), then the provisions in Section 501(a)(5) in conjunction with
Section 541(a) would be wholly superfluous.

As such, it is clear that even though Appellants receive standby duty
premium pay, they are entitled to be compensated for all overtime hours, to include
the straight time portion of overtime pay for regularly scheduled overtime hours.

## V.   THE APPELLEE'S METHOD OF CALCULATION VIOLATES THE STATUTORY AND REGULATORY SCHEME SET OUT IN THE FLSA AND 5 C.F.R. § 551 *ET SEQ.*

The non-exempt Appellants actually receive two types of premium pay: (1)
Standby Duty Premium Pay pursuant to 5 U.S.C. § 5545(c)(1); and (2) standard
overtime pay pursuant to 29 U.S.C. § 207(a) for unscheduled overtime work. The
method of calculation for those two types of premium pay are not contested. It is
only the method of calculation for the Appellants' entitlement to standard overtime
pay for regularly scheduled overtime hours per Part 551, Section 512 (a) that is at
issue herein.

### 1.   Appellee's method of calculation violates 5 C.F.R. § 551.512.

Appellee's method of calculation violates 5 C.F.R. § 551.512 (a)(1) by
failing to compensate the non-exempt Appellants with the straight time portion of
overtime pay for regularly scheduled overtime hours. The Trial Court found:

16

In this case, there is no dispute that the government calculates the Non-exempt Plaintiffs' pay for regularly scheduled overtime by combining the straight time rate of pay (calculated by adding basic pay and standby duty premium pay) with the FLSA half-time pay. Joint Stip. at 4-5. This method of calculating regularly scheduled overtime pay is fully consistent with OPM's pay regulations. *See* 5 C.F.R. § 551.512(a)-(b).

JA 0008.

Yet, the addition of the basic pay and standby duty premium pay in the calculation of the straight time rate of pay does not mean the basic pay was intended to compensate for the straight time portion of overtime pay. The relevant portion of 5 C.F.R. § 551.512 provides:

(a) An employee's overtime entitlement under this subpart includes:

(1) The straight time rate of pay times all overtime hours worked; plus

(2) One-half times the employee's hourly regular rate of pay times all overtime hours worked.

(b) An employee's "straight time rate of pay" is equal to the employee's rate of pay for his or her position (exclusive of any premiums, differentials, or cash awards or bonuses) except for an employee who is authorized annual premium pay under§ 550.141 or § 550.151 of this chapter. For an employee who is authorized annual premium pay, straight time rate of pay is equal to basic pay plus annual premium pay divided by the hours for which the basic pay plus annual premium pay are intended.

5 C.F.R. § 551.512.

Even though the basic pay plus standby duty premium pay are included in the calculation of the straight time rate of pay, that rate must still be multiplied by the regularly scheduled overtime hours to determine the straight time portion of overtime pay. 5 C.F.R. § 551.512(a).

17

Per Section 512 (b), for Appellants, the straight time rate of pay is equal to basic pay plus annual premium pay divided by the hours for which the basic pay plus annual premium pay are intended. 5 C.F.R. § 551.512 (b). The Parties agree that this is the definition of straight time rate of pay for the Appellants. But that is not the only definition of straight time rate of pay in Section 512(b); for employees who do not receive annual premium pay, the straight time rate of pay equals the employee's rate of pay. 5 C.F.R. § 551.512(b). It is critical, therefore, that the OPM regulation defines the straight time rate of pay differently for employees, like Appellants, who receive standby duty premium pay because otherwise those employees would be receiving the value of the standby duty premium pay for each overtime hour, twice.

The Trial Court stated that Appellants maintain that standby duty premium pay is not intended to compensate for regularly scheduled overtime because it is calculated as a percentage of the annual salary. While Appellants agree that standby duty premium pay is included in the calculation of the straight time rate of pay per Section 512 (b), they maintain that standby duty premium pay, along with the basic pay, does not fully compensate Appellants for regularly scheduled overtime hours per Section 512(a)(1). The Appellants are entitled to receive four payments, per this Section: basic pay, standby duty premium pay, the straight time

portion of overtime pay (which is not being paid to Appellants) and the half-time portion of overtime pay.

Moreover, the full amount of the standby duty premium pay was not intended to compensate for regularly scheduled overtime hours, as much of it was intended to compensate for night differentials, Saturday and Sunday premium pay, holiday pay and other categories of premium pay to which the non-exempt Appellants would have otherwise been entitled. 5 U.S.C. § 5545(c). As such, the calculation of the straight time rate of pay properly includes standby duty premium pay, but that quotient must then be multiplied by the number of regularly scheduled overtime hours to pay the straight time portion of the overtime entitlement provided for in Section 512 (a)(1). If this additional overtime payment is made, then the hourly regular rate of pay would include not only the basic pay and standby duty premium pay, but also the straight time portion of overtime pay for regularly scheduled overtime hours, in the total remuneration, discussed *supra* in **VIII**. 5 C.F.R. § 551.511 (b).

In reaching its holding, the Trial Court focused on the principle that standby duty premium pay is intended to compensate employees who are required to regularly remain at work for longer than "ordinary periods of duty," but who spend much of this time on "standby status rather than performing work." JA 0008, *Alexander v. United States*, 28 Fed. Cl. 475, 482-83 (1993). However, that

19

principle remains in effect by virtue of inclusion of the standby duty premium pay in the calculation of straight time rate of pay because Appellants receive a reduced straight time rate of pay to compensate them for the straight time portion of overtime pay per Section 512 (a)(1). Moreover, the Trial Court's holding failed to take into account the fact that the standby duty premium pay is also intended to compensate for night differentials, Saturday and Sunday premium pay, holiday pay and other categories of premium pay to which the non-exempt Appellants would have otherwise been entitled. 5 U.S.C. § 5545(c).

In addition, the Appellee's method of calculation violates 5 C.F.R. § 551.512 (c) because the rate of pay for all hours worked, including regularly scheduled and unscheduled overtime hours, is less than the straight time rate of pay for non-overtime hours. Section 512 (c) provides: "[A]n employee has been paid in compliance with the overtime pay provisions of this subpart only if the employee has received pay at a rate at least equal to the employee's straight time rate of pay for all nonovertime hours of work in the workweek." 5 C.F.R. § 551.512(c). Put another way, the rate of pay for all overtime hours has to be greater than or equal to the rate of pay for all non-overtime hours, or for every overtime hour, employees have to be paid at least what they received for every non-overtime hour.

The Appellee's method of calculation produces results that consistently violate this Section. Using Brinson Example 1, the straight time rate of pay is

$23.55 for all non-overtime hours of work. JA 00039-40 (¶ 12(b)). This was

calculated per 5 C.F.R. § 551.512 (b) by dividing the sum of the basic pay

($1,739.20) plus the portion of the standby duty premium pay intended for non-

overtime hours ($173.60/96*80) by the non-overtime hours – 80. The rate of pay

for all hours worked, however, is $21.54. This amount was reached by dividing the

total pay - $2,072.16 – by the total number of hours worked in the pay period

covered by Brinson Example 1 – 96 hours. JA 00040-41 (¶ 12(f)). This same

violation is found in Brinson Examples 2, 3 and 4. JA 00039-44. The Appellee's

method of calculation fails to comply with Section 512 (c) because employees

receive pay for all overtime hours at a rate less than the employee's straight time

rate of pay for all nonovertime hours of work. In other words, Appellee's method

of calculation violates the regulation because the overtime rate of pay is less than

the straight time rate of pay for non-overtime hours.

### 2.    Appellee's method of calculation violates 5 C.F.R. § 551.513.

The Appellee's method of calculation violates 5 C.F.R. § 551.513, which

provides that "Overtime pay under this subpart shall be paid **in addition** to all pay,

other than overtime pay, to which the employee is entitled under title 5, United

States Code, or any other authority." 5 C.F.R. § 551.513 (emphasis added). The

non-exempt Appellants are entitled to receive FLSA overtime pay in addition to all

pay, including annual premium pay. The fact that the non-exempt Appellants

already receive standby duty premium pay does not limit their overtime pay entitlement, particularly for the straight time portion of overtime pay for regularly scheduled overtime hours. Appellants do not receive any other form of overtime pay under Title 5, United States Code, or any other authority, except for the Act and Part 551 of OPM's regulations. JA 00037.

The Trial Court noted: "Plaintiffs are also mistaken in arguing that 5 C.F.R. § 551.513 requires additional overtime compensation in this case. Pls. Supp. Br. 1 at 6-7. Rather, this provision only requires the payment of FLSA half-time pay, which plaintiffs acknowledge that they already receive. 5 C.F.R. § 551.513; Joint Stip. at 5." JA 0009. However, a plain reading of Section 513 and the definition of "overtime pay entitlement" found in Section 512, reveals exactly the opposite; that overtime pay entitlement includes the straight time portion and the half time portion, for all overtime hours worked, combined. 5 C.F.R. §551.512 (a). In conjunction with Section 512, it is clear therefore, that Section 513 must be read to require that Appellants be paid overtime pay (the straight time and half-time portion) in addition to all annual premium payments received pursuant to Title 5. 5 C.F.R. § 551.513; 5 C.F.R. §551.512 (a).

As such, Appellee's method of calculation violates the statutory and regulatory scheme set out in the FLSA and 5 C.F.R. § 551 *et seq.*, as it applies to Appellants.

**VI.    THE TRIAL COURT ERRED WHEN IT RELIED UPON THE STATUTORY AND REGULATORY EXCLUSIONS THAT APPLY TO FLSA EXEMPT EMPLOYEES.**

The Appellee and Trial Court improperly relied on the regulations in 5 C.F.R § 550, and the fact that the non-exempt Appellants receive premium pay pursuant to 5 U.S.C. § 5545(c) (1), to argue that the non-exempt Appellants are barred from receiving other compensation for the regularly scheduled overtime hours. However, there is no statutory or regulatory authority to allow the Appellee to utilize the payment of basic pay and the standby duty premium pay to compensate for the straight time portion of overtime pay for regularly scheduled overtime pay.

**1.    Appellee's method of calculation is not supported by 5 U.S.C. §§ 5542 and 5545.**

In the Order, the Trial Court ruled that the undisputed material facts demonstrate that the Appellee properly compensated the Appellants for all hours worked. JA 0001. Specifically, the Trial Court found that because Appellants received standby duty premium pay pursuant to 5 U.S.C. § 5545(c)(1), they are not entitled to additional payment for the straight time portion of regularly scheduled overtime hours. JA 0007. The Trial Court also found that the regulations acknowledge that employees who receive standby duty premium pay remain entitled to additional compensation for overtime hours under the FLSA, but only as provided by the payment of the FLSA half-time portion of overtime pay. 5 C.F.R. §

23

551.512(a)-(b). JA 0008. Yet, the Trial Court does not identify any statutory or regulatory authority applicable to the non-exempt Appellants that would allow the basic pay and standby duty premium pay to substitute for the additional payment of the straight time portion of overtime pay for regularly scheduled overtime hours. A plain reading of Title 5, the FLSA, and the interpreting regulations disproves the Trial Court's holding. While Appellants do receive standby duty premium pay under 5 U.S.C. § 5545(c)(1), they do not receive overtime pay pursuant to Section 5542 or any provision in Title 5 of the U.S. Code. Rather, Appellants receive standard overtime pay pursuant to the FLSA, Section 7(a). 29 U.S.C. § 207(a).

It appears that the Trial Court's conclusion was based upon a misunderstanding of the Appellants' entitlement to overtime pay per the FLSA, and not Title 5, that led it to improperly justify exclusion of the straight time portion of overtime pay for scheduled overtime hours. While the standby duty premium pay provisions in Section 5545(c)(1) do provide that such compensation substitutes for premium pay provided by other provisions of that subchapter, to include Section 5542, the non-exempt Appellants do not receive such premium pay for overtime hours pursuant to Section 5542.

In relevant part, Section 5545(c)(1) provides:

(c) The head of an agency, with the approval of the Office of Personnel Management, may provide that—

24

(1) an employee in a position requiring him regularly to remain at, or within the confines of, his station during longer than ordinary periods of duty, a substantial part of which consists of remaining in a standby status rather than performing work, shall receive premium pay for this duty on an annual basis instead of premium pay **provided by other provisions of this subchapter**, except for irregular, unscheduled overtime duty in excess of his regularly scheduled weekly tour.

5 U.S.C. § 5545(c)(1) (Emphasis Added).

The non-exempt Plaintiffs receive overtime pay for overtime hours pursuant to 29 U.S.C. § 207(a) and Part 551 of Title 5 of the Code of Federal Regulations; not pursuant to any other provisions of the subchapter referenced above. It is precisely for this reason that the Appellants withdrew the claims on behalf of the exempt employees before the Trial Court – because their overtime payments were governed by Title 5, and their receipt of standby duty premium pay, therefore, served to exclude their entitlement to any additional overtime pay pursuant to Section 5545(c)(1). Further, 5 C.F.R. § 550.541, only applies to employees entitled to premium pay under Title 5, and therefore, does not apply to the non-exempt Appellants.

In order to determine the applicability of Section 5545(c)(1) to the facts herein, a review of the "other provisions of this subchapter" is required. Chapter 55, Subchapter V, is entitled "Premium Pay" and contains Sections 5541 through 5550. *See* 5 U.S.C. § 5541 *et seq*. The only section applicable to the question

25

concerning the non-exempt Appellants' entitlement to overtime pay is found at

Section 5542 (a)[3], where hours of work is defined.

The Trial Court incorrectly relies on 5 U.S.C. § 5542 to support its finding;

however, the plain language of Section 5542 demonstrates that it is not applicable

to the non-exempt Appellants. Subsection (c) states: "Subsection (a) **shall not**

**apply** to an employee who is subject to the overtime pay provisions of section 7 of

the Fair Labor Standards Act of 1938." 5 U.S.C. § 5542(c) (Emphasis Added). The

Trial Court's holding, therefore, that Appellee's method of calculating overtime

pay is proper because the payment of standby duty premium pay precludes an

additional payment of the straight time portion of overtime pay for regularly

---

[3] Subsection (a) states:

> For full-time, part-time and intermittent tours of duty, hours of work officially ordered or approved in excess of 40 hours in an administrative workweek, or (with the exception of an employee engaged in professional or technical engineering or scientific activities for whom the first 40 hours of duty in an administrative workweek is the basic workweek and an employee whose basic pay exceeds the minimum rate for GS–10 (including any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law) for whom the first 40 hours of duty in an administrative workweek is the basic workweek) in excess of 8 hours in a day, performed by an employee are overtime work and shall be paid for, except as otherwise provided by this subchapter, at the following rates…

5 U.S.C. § 5542(a).

scheduled overtime hours would only be valid if the non-exempt Appellants were entitled to receive overtime pay pursuant to one of the other provisions in that subchapter. But as noted above, the non-exempt Appellants' entitlement to overtime pay is founded in Section 7 of the FLSA and Part 551 of OPM's regulations, not Section 5542(a) of the U.S. Code. The exclusionary language in Section 5545(c)(1), therefore, only applies to the entitlement to overtime pay under Title 5, and does not prohibit overtime entitlement for non-exempt Appellants. As such, the non-exempt Appellants are entitled to an additional payment for the straight time portion of overtime pay for regularly scheduled overtime hours despite receiving standby duty premium pay pursuant to Section 5545(c)(1).

This position is supported by the case law, wherein this Court explicitly highlighted that the FLSA overtime hours are not compensated by virtue of Title 5 provisions. *Abreu v. United States,* 948 F.2d 1229 (Fed. Cir. 1991). The Court highlighted that "**these hours are not compensated pursuant to *5 U.S.C. § 5542(a)(1)* (Title 5 overtime) because standby pay pursuant to *section 5545(c)(1)* is paid *in lieu of other Title 5 premiums***", such as regularly scheduled overtime." *Id.* (Emphasis Added). Accordingly, the Court highlighted that Section 5545(c)(1) serves as an exclusion only to Title 5 premium pay entitlements, and not FLSA entitlements. *Id.* The entitlement to overtime pay under the FLSA is separate and distinct from the entitlement to overtime pay under Title 5.

27

Returning to Section 5545, a review of one of the "other provisions of this subchapter" further strengthens Appellants argument in this regard. In 5 U.S.C. § 5546, the Code sets out the section of the Premium Pay Subchapter that provides for premium pay for Sunday and Holiday Work. 5 U.S.C. § 5546(a). It is undisputed that the non-exempt Appellants do not receive premium pay under this Section because: (a) standby duty premium pay received pursuant to Section 5545(c)(1) substitutes for "premium pay provided by other provisions of this subchapter"; and (b) the non-exempt Appellants would otherwise be entitled to the premium pay contained in Section 5546. It is precisely for this reason that Appellants do not challenge the Appellee's failure to pay additional Sunday or Holiday premium pay. This distinction between the statutory and regulatory scheme for overtime pay versus Sunday and Holiday work is highlighted by the fact that non-exempt Appellants have a separate entitlement to FLSA overtime and are not, therefore, otherwise entitled to the premium pay contained in Section 5542(a). As such, the limitation in Section 5545(c)(1) does not apply to the non-exempt Appellants herein.

### 2.    Appellee's method of calculation is not supported by 5 C.F.R. § 550.141.

The Trial Court next incorrectly relies on 5 C.F.R. § 550.141 in finding that Appellants are not entitled to an additional payment of the straight time portion of overtime pay for regularly scheduled overtime hours. JA 0008. While that

regulation does allow an Agency to pay premium pay on an annual basis, such as standby duty premium pay, it does not allow such payment to substitute for FLSA overtime pay owed to non-exempt Appellants. The provision that makes such annual premium pay act in lieu of regularly scheduled overtime pay is limited to such regularly scheduled overtime pay prescribed in that subpart. That subpart is Subpart A of 5 C.F.R. § 550, which covers among other things, the authorization and calculation of overtime pay for employees entitled to overtime pay under Title 5 – exempt employees. But the Appellants are non-exempt and their entitlement to overtime pay is pursuant to a different statutory and regulatory scheme, which does not contain a correlative counterpart that permits the substitution of standby duty premium pay, or any other premium pay made on an annual basis, in lieu of regularly scheduled overtime pay.

Furthermore, a careful review of 5 C.F.R § 551.501(a)(1), discussed *infra* in **IV**, which is part of the regulatory scheme applicable to payment of overtime for non-exempt employees (as opposed to 5 C.F.R § 550 and its subparts), proves that it would be superfluous if, as the Trial Court held and Appellees argue, the preclusion in 5 U.S.C. § 5545(c)(1) were intended to extend to non-exempt employees. The provision in 5 C.F.R § 551.501(a)(1) excludes from overtime pay entitlement all hours in excess of 8 hours in a day when the employee receives compensation for that duty under 5 U.S.C. 5545(c)(1) or (2) or 5545b. 5 C.F.R §

551.501(a)(1). If, as held by the Trial Court, the non-exempt Appellants were already precluded from receiving overtime pay for such hours because they were compensated by standby duty premium pay, then there would be no need to implement this provision in the regulations for overtime pay for non-exempt employees. Note, as discussed *supra*, this provision does not preclude payment of the overtime pay being requested herein because the non-exempt Appellants do not seek payment of overtime pay for hours in excess of 8 hours in a day, but rather only those hours in excess of 80 hours in a pay period, which is not excluded by this provision.

In sum, there is no statutory or regulatory authority to preclude or exclude the additional payment of the straight time portion of overtime pay for regularly scheduled overtime pay to the non-exempt Appellants. As such, the non-exempt Appellants are entitled to that straight time portion of overtime pay even though they receive standby duty premium pay pursuant to 5 U.S.C. § 5545(c)(1). The Trial Court, therefore, erred, when holding the Appellee's method of calculating overtime pay was proper, where the non-exempt Appellants do not receive payment of the straight time portion of overtime pay for regularly scheduled overtime hours.

## VII.  THE FLSA AND OPM'S IMPLEMENTING REGULATIONS IN 5 C.F.R. § 551 *ET SEQ.* DO NOT CONFLICT.

The Trial Court states that Appellants acknowledged during oral argument that the OPM's implementing regulations are consistent with the FLSA and Title 5. JA 0008-9. This was addressed in the context of the Trial Court's reference to accord of *Chevron* deference to OPM's regulatory scheme. *Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 848 (1984). Appellants did argue, and continue to maintain, that this is not a case involving any type of *Chevron* deference because OPM's regulatory schemes do not conflict with the FLSA or Title 5. Rather the Act and OPM's regulations provide distinct entitlements for non-exempt employees pursuant to the FLSA and 5 C.F.R. § 551 *et seq.*, whereby non-exempt employees are not precluded from receiving the straight time portion of overtime pay by virtue of being paid standby duty premium pay (or via the basic pay), as opposed to their FLSA exempt counterparts who do have this limitation. As such, there is no conflict between the FLSA and Title 5, nor between OPM's implementing regulations for exempt versus non-exempt employees.

In sum, the Trial Court erred when it held that Appellants have not shown that they are entitled to any additional compensation under the FLSA, Title 5 or OPM's pay regulations. Rather, it is the Appellees that failed to prove that the non-exempt Appellants are not entitled to additional overtime pay for the straight time portion of overtime pay merely because they receive standby duty premium pay.

31

As such, Appellants did show that the Appellee's method of calculating overtime pay fails to comply with the FLSA and the regulations applicable to non-exempt Appellants, and that Appellants are entitled to the additional payment of the straight time portion of overtime pay for regularly scheduled overtime hours.

## VIII.  THE TRIAL COURT ERRED WHEN IT HELD THAT THE APPELLEE PROPERLY CALCULATED THE NON-EXEMPT APPELLANTS' HOURLY REGULAR RATE OF PAY.

The Trial Court ruled that Appellee properly calculated the Appellant's hourly regularly rate of pay. JA 0009. The Trial Court, relying upon the definition of hourly regular rate of pay found in 5 C.F.R. §551.511(a), found that Appellee properly calculated the hourly regular rate of pay by dividing the total remuneration paid to an employee in the workweek by the total number of hours of work in the workweek for which such compensation was paid.

The Parties agree that the method of calculating the hourly regular rate of pay and resulting FLSA half-time portion of overtime pay for regularly scheduled overtime hours is proper. However, the hourly regular rate of pay used by Appellees in determining the half-time portion of overtime pay is improperly calculated because it does not include the additional payment for the straight time portion of overtime pay in the total remuneration for the calculation of the hourly regular rate of pay. 5 C.F.R. § 551.511; 5 C.F.R. § 551.512(a)-(b). To that end, Appellants agree that if they are not entitled to receive additional overtime pay for

32

the straight time portion of overtime pay for the regularly scheduled overtime hours, then the Appellee's method of calculating the FLSA half-time portion of overtime pay for regularly scheduled overtime hours is proper. The Appellee's failure to pay the straight time portion of overtime pay for regularly scheduled overtime hours, artificially reduces the hourly regular rate of pay, which results in the non-exempt Appellants being underpaid for the FLSA half-time portion of overtime pay for regularly scheduled overtime hours.

IX.    **THE TRIAL COURT ERRED WHEN IT HELD THAT THE APPELLEE'S METHOD OF CALCULATION, WHICH WAS CALCULATED ON A WEEKLY RATHER THAN BI-WEEKLY BASIS, WAS PROPER.**

The Trial Court erred when it held that the Appellee's method of calculation, which utilized a weekly basis, was proper. JA 00010. OPM's pay regulations define the relevant terms as follows:

> *Workweek* means a fixed and recurring period of 168 hours—seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of a day. For employees subject to part 610 of this chapter, the workweek must be the same as the administrative workweek defined in § 610.102 of this chapter.

> *Workweek basis* means the unit of time **used as the basis for applying overtime standards under the Act and, for employees under flexible or compressed work schedules, under 5 U.S.C. 6121(6) or (7)**. The Act takes a single workweek as its standard (except for employees engaged in fire protection or law enforcement activities under section 7(k) of the Act) and does not permit the averaging of hours over two or more weeks, except for employees engaged in fire protection or law enforcement activities undersection 7(k) of the Act.

33

5 C.F.R. §551.104 (Emphasis added).

The Trial Court concluded that the above provisions require that the government "calculate the pay for all employees who work on a compressed work schedule upon a weekly basis," and, therefore, demonstrate that the Appellee was correct in calculating pay on a weekly instead of bi-weekly manner. JA 00011.

The Appellee improperly calculates pay on a weekly basis, whereas Appellants' method of calculation is properly determined per pay period. Per 5 C.F.R. § 550.604, the Appellee must be required to calculate overtime pay on a bi-weekly basis, where, as here, the employees work on a compressed work schedule: "Agencies must apply the biweekly pay period and computation of pay provisions of 5 U.S.C. 5504 for employees covered by § 550.602(a)." 5 C.F.R. § 550.604.

It is undisputed that Appellants are on a compressed work schedule. JA 00036. Therefore, OPM's pay regulations require the calculation of pay to be based upon a workweek basis defined by the unit of time used as the basis for applying overtime standards under 5 U.S.C. § 6121(6) or (7). 5 C.F.R. §551.104. That unit of time is 80 hours per pay period. 5 U.S.C. § 6121(5). For Appellants, overtime hours are those hours which are in excess of the compressed work schedule, which is 80-hours on a bi-weekly basis. 5 U.S.C. § 6128.

The statutory framework in 5 U.S.C. § 6128, along with 5 U.S.C. § 6121(7), provide that unless there is an explicit exclusion, there is an entitlement to

overtime pay for all hours worked in excess of 80 in a compressed schedule pay period. Pursuant to the latter Code, "overtime hours", when "used with respect to compressed schedule programs under sections 6127 and 6128 of this title, means any hours in excess of those specified hours which constitute the compressed schedule." 5 U.S.C. § 6121(7). This provision makes abundantly clear that all hours worked in excess of the compressed schedule are overtime hours. Pursuant to paragraph 5, "'compressed schedule' means (A) in the case of a full-time employee, an 80-hour biweekly basic work requirement which is scheduled for less than 10 workdays…." 5 U.S.C. § 6121(5). As such, these provisions taken together clearly establish that all hours worked in excess of 80 hours in less than ten workdays constitute overtime hours for Section 6128 - the non-exempt Plaintiffs herein generally worked either 16 or 40 regularly scheduled overtime hours in excess of the compressed schedule per pay period.

The statutory provisions in 5 U.S.C. § 6128, titled "Compressed Schedules; computation of premium pay," provide that "(b) In the case of any full-time employee, hours worked in excess of the compressed schedule shall be overtime hours and shall be paid for as provided by the applicable provisions referred to in subsection (a) of this section." 5 U.S.C. § 6128(b). The applicable provisions referred to in subsection (a) are "provisions of sections 5542(a) and 5544(a) of this title, section 7453(e) of title 38, section 7 of the Fair Labor Standards Act (29

35

U.S.C. § 207), or any other law, which relate to premium pay for overtime work."

5 U.S.C. § 6128(a). As such, the non-exempt Appellants must be paid overtime

pay in accordance with the applicable overtime provision, the FLSA, for all hours

of work in excess of 80 per compressed schedule.

The difference between calculating overtime pay on a weekly versus a bi-

weekly basis will not have any effect on the outcome of pay for pay periods in the

cycle in which Appellants only worked 96 hours, i.e. Brinson Examples 1 and 2,

because Appellee apportions an equal amount of hours - 48 - to each week. JA

00039-41. In those examples, the Appellee's weekly total can be multiplied by

two, which equals Appellants' bi-weekly total. The Appellee's method of

calculation; however, does have a significant effect on pay periods in the cycle in

which Appellants worked 120 hours or more, i.e. Brinson Example 3 and 4,

because Appellee's calculations apportion a majority of regularly scheduled

overtime hours and all unscheduled overtime hours to week 1, where the straight

time rate and FLSA half time overtime rate are lower than in week 2, due to being

divided by a larger total number of hours. JA 00041-44. But the Appellee's

calculation of overtime pay for Examples 3 and 4 starts to pay overtime in week 1

based on 72 hours, when pursuant to 5 U.S.C. §§ 6121 and 6128, there would not

be an overtime entitlement until the employee worked more than 80 hours in the

pay period. The Appellee's calculations for these weeks in which Appellants

36

worked 120 or more hours, therefore, violate the FLSA, Title 5 and OPM's

regulations by not calculating overtime pay on a bi-weekly basis.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Appellants respectfully request that this Court

reverse the Trial Court's Order and grant Appellants' Motion for Summary

Judgment.

Respectfully Submitted,

/s/ Jacob Y. Statman
Jacob Y. Statman, Esq.
Jason I. Weisbrot, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9091
Email: jstatman@sniderlaw.com

Counsel for Appellants

# ADDENDUM

# In the United States Court of Federal Claims

No. 13-211C

(Filed Under Seal: July 30, 2015)

(Reissued for Publication:  August 18, 2015)[*]

| | | |
|---|---|---|
| MICHAEL ALAMO, et al., | ) | Fair Labor Standards Act (FLSA), 29 |
| | ) | U.S.C. §§ 201-219; Federal Employee |
| Plaintiffs, | ) | Pay Act (Title V), 5 U.S.C. §§ 5541-5550; |
| | ) | Cross-Motions for Summary Judgment, |
| v. | ) | Rule 56. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Jacob Y. Statman*, Snider & Associates, LLC, Baltimore, M.D., for plaintiffs.

*Emma E. Bond*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., *Rebecca E. Ausprung*, Of Counsel, Chief, Civilian Personnel Branch, United States Army Litigation Division, Fort Belvoir, V.A., for defendant.

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Plaintiffs, current and former paramedics and emergency medical technicians, bring this back pay action against the United States, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (2012), and the Federal Employee Pay Act ("Title V"), 5 U.S.C. §§ 5541-5550 (2012).  Specifically, plaintiffs allege that the government has improperly calculated their regularly scheduled overtime pay under the FLSA and Title V.  The parties filed cross-motions

---

[*] This Memorandum Opinion and Order was originally filed under seal July 30, 2015 (docket entry 71), pursuant to the Protective Order entered in this action on April 17, 2014 (docket entry 28).  The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted under the terms of the Protective Order.  The parties filed a joint status report on August 18, 2015 (docket entry 73) stating that they agree there is no need for redactions.  Accordingly, the Court is reissuing its Memorandum Opinion and Order as originally filed.

JA 0001

for summary judgment on this question, pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **DENIES** plaintiffs' motion for summary judgment and **GRANTS** defendant's motion for summary judgment.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

The material facts in this case are undisputed. Plaintiffs are 29 current or former employees of the United States Department of the Army assigned to Fort Stewart, Liberty, Georgia. Joint Stip. at 2. Plaintiffs are, or have previously been, employed as Emergency Medical Technicians ("EMT") and/or Paramedics. *Id*.

All but four plaintiffs are classified as non-exempt under the FLSA ("Non-exempt Plaintiffs"). *Id*. at 3; 29 U.S.C. § 213(a). No plaintiffs have engaged in fire suppression or law enforcement activities. Joint Stip. at 3.

At all times relevant here, plaintiffs received pay at pay grade GS-10 (or its equivalent) or below. *Id*. During the relevant time period, the Non-exempt Plaintiffs also received standby duty premium pay at a rate of 10 percent of their annual salary pursuant to 5 U.S.C. § 5545(c)(1). *Id*.; Compl. at 5.

Generally, plaintiffs work a compressed work schedule, consisting of two 24-hour shifts per week. Joint Stip. at 3. Plaintiffs' work schedules consist of hours beyond eight hours per day, or 40 hours per week. *See generally* Compl. Plaintiffs' overtime hours consist of those hours that are regularly scheduled in advance ("regularly scheduled overtime") and those hours that have not been scheduled in advance ("unscheduled overtime"). Joint Stip. at 5.

The government calculates the Non-exempt Plaintiffs' pay for regularly scheduled overtime, by adding the Non-exempt Plaintiffs' weekly basic pay[2] and weekly standby duty

---

[1]  The facts in this Memorandum Opinion and Order are taken from plaintiffs' complaint ("Compl. at__") and the parties' joint stipulation of facts ("Joint Stip. at ___"). Unless otherwise noted, the facts recited herein are undisputed.

[2]  Weekly basic pay is calculated by dividing the Non-exempt Plaintiffs' total annual base salary by 2087, and multiplying this result by 40. Joint Stip. at 4.

JA 0002

premium pay.[3]  *Id.* at 4-5.  This result, known as the total remuneration, is then divided by the total number of hours worked during the week to derive the Non-exempt Plaintiffs' hourly regular rate.  *Id.*  The government then multiplies the hourly regular rate by 0.5 ("FLSA half-time pay").  This figure is then multiplied by the total number of regularly scheduled overtime hours worked during the week to arrive at plaintiffs' regularly scheduled overtime pay.[4]  *Id.*

### B.    Procedural Background

On September 18, 2014, plaintiffs moved for summary judgment ("Pls. Mot.") upon the ground that the government has improperly calculated their overtime pay under the FLSA and Title V.  Pls. Mot. at 1.  On November 5, 2014, defendant responded to plaintiffs' motion and also moved for summary judgment ("Def. Mot.") upon the ground that the government has properly calculated plaintiffs' overtime pay under these statutes.  Def. Mot. at 3-4.  On December 22, 2014, plaintiffs filed their reply and response to defendant's cross-motion ("Pls. Rep."), in which they withdrew the claim for back pay with respect to the four plaintiffs who are exempt from coverage under the FLSA.  Pls. Rep. at 3.  And so, the remaining issue in this case is whether the government has properly calculated the overtime pay for the Non-exempt Plaintiffs.

On March 16, 2015, the Court requested supplemental briefing on this issue and the parties subsequently filed supplemental briefs on April 3, 2015, April 17, 2015 and April 24, 2015.  *See generally* Pls. Supp. Br. 1; Def. Supp. Br. 1; Pls. Supp. Br. 2; Def. Supp. Br. 2; Pls. Supp. Br. 3; Def. Supp. Br. 3.  The Court held oral argument in this case on July 16, 2015.  *See generally* Oral Argument Transcript.

---

[3]  Weekly standby duty premium pay is calculated by multiplying weekly basic pay by the standby duty premium pay percentage.  Joint Stip. at 4-5.

[4]  The calculation of regularly scheduled overtime differs from the calculation for unscheduled overtime, which is calculated at one and one-half times the Non-exempt Plaintiffs' hourly regular rate of pay for each hour of unscheduled overtime.  *Id.* at 5-6; Def. Mot. at 9.

JA 0003

## III.    LEGAL STANDARDS

### A.    Jurisdiction And RCFC 56

The Tucker Act grants this Court jurisdiction over non-tort monetary claims "against the United States founded . . . upon . . . any Act of Congress . . . ."  28 U.S.C. § 1491(a)(1) (2011).  The FLSA is a money-mandating statute, and so, claims may be brought pursuant to the FLSA in this Court due to the Tucker Act's waiver of sovereign immunity.  *Id.*; 29 U.S.C. § 216(b); *see Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014); *Zumerling v. Devine*, 769 F.2d 745, 748 (Fed. Cir. 1985) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).

In addition, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  RCFC 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Biery v. United States*, 753 F.3d 1279, 1286 (Fed. Cir. 2014).  A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  A fact is "material" if it could "affect the outcome of the suit under the governing law . . . ."  *Id.*

The moving party bears the burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Accordingly, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

In making a summary judgment determination, the Court does not weigh the evidence presented, but instead must "determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249; *see also Am. Ins. Co. v. United States*, 62 Fed. Cl. 151, 154 (2004); *Agosto v. INS*, 436 U.S. 748, 756 (1978) ("[A trial] court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented . . . .").  The Court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party . . . ."  *Matsushita*, 475 U.S. at 587.

The above standard applies when the Court considers cross-motions for summary judgment.  *Principal Life Ins. Co. & Subsidiaries v. United States*, 116 Fed. Cl. 82, 89 (2014); *see also Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 40 (1st Cir. 2010).  And so, when both

JA 0004

parties move for summary judgment, "'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."' *Abbey v. United States*, 99 Fed. Cl. 430, 436 (2011) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

### B.    The Fair Labor Standards Act, Title V And Relevant OPM Regulations

Prior to 1974, federal employees received overtime compensation exclusively pursuant to Title V.  5 U.S.C. §§ 5541-5550; *Christofferson v. United States*, 64 Fed. Cl. 316, 319 (2005); *Aaron v. United States*, 56 Fed. Cl. 98, 100-01 (2003).  Congress enacted section 5545(c)(1) of Title V to address pay for federal employees required to regularly remain at work in a standby status for longer than ordinary periods of duty.  *See* 5 U.S.C. § 5545(c)(1).  Specifically, section 5545(c)(1) provides:

> [A]n employee in a position requiring him regularly to remain at, or within the confines of, his station during longer than ordinary periods of duty, a substantial part of which consists of remaining in a standby status rather than performing work, shall receive premium pay for this duty on an annual basis instead of premium pay provided by other provisions of this subchapter, except for irregular, unscheduled overtime duty in excess of his regularly scheduled weekly tour.

*Id*.  Under section 5545, federal employees receive standby duty premium pay as a percentage of their annual pay.  5 U.S.C. § 5545(c).  This pay is based upon the understanding that certain types of federal jobs do not fit into a typical eight hours per day, 40 hours per week work schedule and should be compensated accordingly.  *Alexander v. United States*, 28 Fed. Cl. 475, 482-83 (1993), *aff'd*, 32 F.3d 1571 (Fed. Cir. 1994).

In 1974, Congress extended the FLSA to include federal employees, unless the employee is expressly exempted from coverage under the Act.  29 U.S.C. § 213(a).  In general, the FLSA requires that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207 (a)(1); *Abbey*, 745 F.3d at 1365.

As numerous courts have noted, the extension of the FLSA to cover federal employees already covered by Title V creates some confusion.  *Abreu v. United States*, 948 F.2d 1229, 1236 (Fed. Cir. 1991) ("Titles 5 and Title 29 do not mesh with the machined precision of the gears in a

JA 0005

Swiss watch.").  To address the discrepancies between Title V and the FLSA, Congress

delegated to the Civil Service Commission (now the Office of Personnel Management "OPM")

the authority to administer the FLSA for federal employees and provided the agency with broad

discretion to engage in rulemaking with respect to the interplay between the FLSA and Title V.

29 U.S.C. § 204(f); *Am. Fed'n of Gov't Emps. v. OPM*, 821 F.2d 761 (D.C. Cir. 1987); *Aaron*, 56

Fed. Cl. at 100; *Christofferson*, 64 Fed. Cl. at 319-20.  Consequently, OPM has the authority to

promulgate overtime regulations to implement both Title V and the FLSA.  *Abreu*, 948 F.2d at

1232-33.  The resulting OPM regulations are entitled to deference by this Court, unless the

regulations are found to be unreasonable.  *Billings v. United States*, 322 F.3d 1328, 1333 (Fed.

Cir. 2003) (citing *Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 848

(1984)); *Jones v. Dep't of Transp.*, 295 F.3d 1298, 1307 (Fed. Cir. 2002) ("[A] long-standing

interpretation given a statute by the agency charged with administering it should be deferred to

unless it is unreasonable."); *Zumerling*, 769 F.2d at 749 (The Court must determine that "OPM's

administration of the FLSA overtime provisions is both reasonable and consistent with the

statute . . . .").

Particularly relevant here, OPM's regulations addressing standby duty premium pay

under Title V provide that such pay is appropriate for employees who are "in a position requiring

him or her regularly to remain at, or within the confines of, his or her station during longer than

ordinary periods of duty, a substantial part of which consists of remaining in a standby status

rather than performing work."  5 C.F.R. § 550.141.

The OPM's regulations governing overtime pay under the FLSA also provide that FLSA

covered employees are entitled to "[t]he straight time rate of pay times all overtime hours

worked" plus "[o]ne-half times the employee's hourly regular rate of pay times all overtime

hours worked."  5 C.F.R. § 551.512(a).  The regulations, furthermore, define "straight time rate

of pay" as:

> [T]he employee's rate of pay for his or her position (exclusive of any premiums,
> differentials, or cash awards or bonuses) except for an employee who is
> authorized annual premium pay under § 550.141 or § 550.151 of this chapter.  For
> an employee who is authorized annual premium pay, straight time rate of pay is
> equal to basic pay plus annual premium pay divided by the hours for which the
> basic pay plus annual premium pay are intended.

5 C.F.R. § 551.512(b).

JA 0006

## IV.    LEGAL ANALYSIS

In their motion for summary judgment, plaintiffs challenge the calculation of the Non-exempt Plaintiffs' regularly scheduled overtime pay upon three grounds:  First, plaintiffs argue that the Non-exempt Plaintiffs are entitled to receive straight time pay−in addition to basic pay, standby duty premium pay and FLSA half-time pay−for each hour of regularly scheduled overtime.  Pl. Mot. at 14.  Second, plaintiffs contend that the government has improperly calculated the Non-exempt Plaintiffs' hourly regular rate, by excluding the additional straight time pay that they seek.  *Id*. at 21.   Finally, plaintiffs argue that the government erred by calculating the Non-exempt Plaintiffs' pay upon a weekly, rather than bi-weekly, basis.  *Id*.

The government disagrees and also moves for summary judgment upon the ground that the government has properly calculated the Non-exempt Plaintiffs' overtime pay under the FLSA, Title V and applicable OPM regulations.  *See generally* Def. Mot.  For the reasons discussed below, the undisputed material facts show that the government has properly calculated the Non-exempt Plaintiffs' pay.

### A.    The Government Properly Calculated The Non-exempt Plaintiffs' Regularly Scheduled Overtime Pay

As an initial matter, the undisputed material facts in this case show that the government has properly compensated the Non-exempt Plaintiffs for their regularly scheduled overtime hours under the FLSA and Title V.[5]  Pursuant to the FLSA, all covered employees who work more than 40 hours per week, or eight hours per day, must be compensated for those overtime hours at a rate of one and one-half times their regular rate of pay.  29 U.S.C. § 207(a)(1).  In addition, Congress has enacted special pay provisions under Title V of the Federal Employee Pay Act to compensate federal employees who−like the Non-exempt Plaintiffs here−routinely work more than a 40-hour workweek, but spend much of that time on standby status.  5 U.S.C. § 5545(c).

---

[5] Plaintiffs rely upon *Brooks v. Weinberger* to argue that the formula for calculating overtime pay adopted by the district court in that case should apply here.  730 F. Supp. 1132, 1135 (D.D.C. 1989).  But, *Brooks* is distinguishable from this case because the plaintiffs in *Brooks* did not receive annual premium pay under 5 C.F.R. § 550.141.  *Id*. at 1133-34.  And so, a different definition of straight time pay applied in that case.  *Id*.

To harmonize these two pay provisions, OPM has promulgated pay regulations that set forth the method for calculating overtime pay under the FLSA and Title V. *Christofferson*, 64 Fed. Cl. at 319-20. Specifically, OPM's pay regulations provide that FLSA covered employees are entitled to "[t]he straight time rate of pay times all overtime hours worked" plus "[o]ne-half times the employee's hourly regular rate of pay times all overtime hours worked." 5 C.F.R. § 551.512(a). With respect to the method for calculating the "straight time rate of pay," these regulations also provide that:

> *For an employee who is authorized annual premium pay, straight time rate of pay is equal to basic pay plus annual premium pay divided by the hours for which the basic pay plus annual premium pay are intended.*

5 C.F.R. § 551.512(b) (emphasis supplied).

In this regard, the OPM's pay regulations recognize that federal employees who−like the Non-exempt Plaintiffs in this case−receive standby duty premium pay, receive this pay as compensation for their regularly scheduled overtime hours. 5 C.F.R. § 550.141 (Standby duty premium pay is intended to compensate employees who are required to regularly remain at work for longer than "ordinary periods of duty," but who spend much of this time on "standby status rather than performing work."); *see Alexander*, 28 Fed. Cl. at 482-83. The regulations also acknowledge that such employees remain entitled to additional compensation for overtime hours under the FLSA, which is provided by the payment of the FLSA half-time pay. 5 C.F.R. § 551.512(a)-(b).

In this case, there is no dispute that the government calculates the Non-exempt Plaintiffs' pay for regularly scheduled overtime by combining the straight time rate of pay (calculated by adding basic pay and standby duty premium pay) with the FLSA half-time pay. Joint Stip. at 4-5. This method of calculating regularly scheduled overtime pay is fully consistent with OPM's pay regulations. *See* 5 C.F.R. § 551.512(a)-(b). The OPM's pay regulations also appropriately recognize Congress' intent for standby duty premium pay to compensate for regularly scheduled overtime hours spent largely in standby duty status. *See* 5 U.S.C. § 5545(c)(1); 5 C.F.R. § 550.141; 5 C.F.R. § 551.501(a).[6] Perhaps for this reason, plaintiffs acknowledged during oral

---

[6] Plaintiffs incorrectly maintain that standby duty premium pay is not intended to compensate for regularly scheduled overtime, because this pay is calculated as a percentage of the Non-exempt Plaintiffs' annual salary. Pls. Supp. Br. 1 at 1-2. OPM's pay regulations make clear that standby

JA 0008

argument that these regulations are consistent with the FLSA and Title V. *See* Oral Arg. Trans. at 14, 25.

In sum, plaintiffs have not shown that they are entitled to any additional compensation under the FLSA, Title V or OPM's pay regulations. Nor have plaintiffs shown that the government's method of calculating their overtime pay fails to comply with these provisions. And so, the government has appropriately calculated the regularly scheduled overtime pay for the Non-exempt Plaintiffs here. Joint Stip. at 4-5.

**B.      The Government Properly Calculated The Non-Exempt Plaintiffs' Hourly Regular Rate**

The undisputed material facts also show that the government has appropriately calculated the Non-exempt Plaintiffs' hourly regular rate. As established above, the government has properly compensated the Non-exempt Plaintiffs for their regularly scheduled overtime hours by paying basic pay, standby duty premium pay and FLSA half-time pay. And so, it must follow that the government has also appropriately calculated the hourly regular rate in this case.

In this regard, the FLSA and OPM's pay regulations explicitly identify the types of pay that should be included in the calculation of the hourly regular rate. Specifically, the FLSA requires that the hourly regular rate include "all remuneration for employment paid to, or on behalf of, the employee," subject to certain enumerated exceptions that do not apply in this case. 29 U.S.C. § 207(e); *see also* Pls. Supp. Br. 1 at 2-3; Def. Supp. Br. 1 at 5-7. OPM's pay regulations further provide that the hourly regular rate is calculated by "dividing the total remuneration paid to an employee in the workweek by the total number of hours of work in the workweek for which such compensation was paid." 5 C.F.R. § 551.511(a).

---

duty premium pay is determined "over a period appropriate to reflect the full cycle of the employee's duties and the full range of conditions in his position." 5 C.F.R. § 550.142; *see also* 5 C.F.R. § 550.144. And so, the amount of standby duty premium pay takes into account the overall number of overtime hours anticipated during the course of the year. 5 U.S.C. § 5545(c)(1). Plaintiffs are also mistaken in arguing that 5 C.F.R. § 551.513 requires additional overtime compensation in this case. Pls. Supp. Br. 1 at 6-7. Rather, this provision only requires the payment of FLSA half-time pay, which plaintiffs acknowledge that they already receive. 5 C.F.R. § 551.513; Joint Stip. at 5.

JA 0009

As discussed above, there is no dispute that the government calculates the Non-exempt Plaintiffs' total remuneration by adding basic pay and standby duty premium pay. Joint Stip. at 5. The total remuneration is then divided by the total number of hours worked during the week (basic hours and regularly scheduled overtime hours) to derive the Non-exempt Plaintiffs' hourly regular rate. *Id*. at 4-5. This method for calculating the hourly regular rate is the precise methodology called for under the FLSA and OPM's pay regulations. 29 U.S.C. § 207(e) (The hourly regular rate includes "all remuneration for employment paid to, or on behalf of, the employee."); 5 C.F.R. § 551.511(a) (The hourly regular rate is calculated by "dividing the total remuneration paid to an employee in the workweek by the total number of hours of work in the workweek for which such compensation was paid."). And so, the government has correctly calculated the Non-exempt Plaintiffs' hourly regular rate in this case.

### C. The Government Properly Calculated The Non-exempt Plaintiffs' Pay On A Weekly Basis

Plaintiffs' final challenge to the calculation of the Non-exempt Plaintiffs overtime pay is also without merit. Specifically, plaintiffs incorrectly maintain that the government must calculate their regularly scheduled overtime pay upon a bi-weekly basis, rather than a weekly basis, because the Non-exempt Plaintiffs work a compressed work schedule. Pls. Mot. at 22. But, a plain reading of the relevant portions of the FLSA and OPM's pay regulations regarding the definition of "workweek" make clear that the government has appropriately calculated overtime pay upon a weekly basis.

In this regard, the FLSA provides in relevant part that, no employer shall employ any of his employees "for a *workweek longer than forty hours* unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (emphasis added). OPM's pay regulations define a "workweek" as "a fixed and recurring period of 168 hours–*seven consecutive 24-hour periods*." 5 C.F.R. § 551.104 (emphasis added). These regulations further provide that "workweek" means:

> [T]he unit of time used as the basis for applying overtime standards under the Act and, for employees under flexible or compressed work schedules, under 5 U.S.C. 6121(6) or (7). The Act takes a single workweek as its standard (except for employees engaged in fire protection or law enforcement activities under section

JA 00010

7(k) of the Act) and does not permit the averaging of hours over two or more weeks, except for employees engaged in fire protection or law enforcement activities under section 7(k) of the Act.

*Id.* (emphasis added).[7]

The above provisions require that the government calculate the pay for all employees who work on a compressed work schedule upon a weekly basis, unless those employees are specifically engaged in fire protection or law enforcement activities.  29 U.S.C. § 207; 5 C.F.R. § 551.104; 5 C.F.R. § 551.501.  There is no dispute in this case that the Non-exempt Plaintiffs are not engaged in fire suppression or law enforcement activities under Section 7(k) of the FLSA.  Joint Stip. at 3.  And so, the plain language of the FLSA and the relevant OPM regulations show that the government has appropriately calculated the Non-exempt Plaintiffs' pay upon a weekly basis.

## V.      CONCLUSION

In sum, plaintiffs fail to demonstrate that they are entitled to any back pay under the FLSA, Title V or the applicable OPM pay regulations.  To the contrary, the undisputed material facts in this matter show that the government has properly compensated plaintiffs for their regularly scheduled overtime under these provisions.  In addition, OPM's pay regulations are reasonable and consistent with the overtime pay requirements in the FLSA and Title V.

Given this, the Court gives deference to OPM's pay regulations in determining how to calculate the plaintiffs' overtime pay here.  *Billings*, 322 F.3d at 1333 (citing *Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 848 (1984)).  And so, the Court finds that the government has appropriately compensated plaintiffs for regularly scheduled overtime in this matter.

For the foregoing reasons, the Court:

1.  **DENIES** plaintiffs' motion for summary judgment; and

2.  **GRANTS** defendant's motion for summary judgment.

---

[7] This provision is consistent with the compressed work schedule statute, which provides that "hours worked in excess of the compressed schedule shall be overtime hours and shall be paid for as provided [by the FLSA and Title V]." 5 U.S.C. § 6128(b).

JA 00011

The Clerk shall enter judgment accordingly.

The parties shall bear their own costs.

Some of the information contained in this Memorandum Opinion and Order may be considered confidential information protected from disclosure subject to the Protective Order entered in this matter on April 17, 2014. This Memorandum Opinion and Order shall therefore be **FILED UNDER SEAL**. The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication. The parties shall **FILE**, by **Thursday, August 20, 2015**, a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge

JA 00012

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**
*Michael Alamo v. United States,* 2015-5149

## CERTIFICATE OF SERVICE

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by SNIDER & ASSOCIATES, LLC, Attorneys for Petitioner to print this document. I am an employee of Counsel Press.

On **December 14, 2015,** counsel has authorized me to electronically file the foregoing **Brief for Appellants** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to all counsel registered as CM/ECF users, including any of the following:

EMMA BOND, ESQ.
DEPARTMENT OF JUSTICE
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
emma.e.bond@usdoj.gov
202-353-0521
*Attorney for Defendant-Appellee*

Paper copies will also be mailed to the above principal counsel at the time paper copies are sent to the Court.

Upon acceptance by the Court of the e-filed document, six paper copies will be filed with the Court within the time provided in the Court's rules.

December 14, 2015                                 /s/ Robyn Cocho
                                                                   Counsel Press

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e).

  <u>X</u>   The brief contains <u>9,074</u> words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii),or

 <u>    </u> The brief uses a monospaced typeface and contains <u>     </u> lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Appellate Procedure 28.1(e) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

  <u>X</u>   The brief has been prepared in a proportionally spaced typeface using <u>MS Word 2014 </u> in a <u>14</u> point <u>Times New Roman</u> font or

 <u>    </u> The brief has been prepared in a monospaced typeface using <u>    </u> <u>    </u>in a <u>  </u> characters per inch<u>    </u> font.

<u>December 14, 2015    </u>          <u>/s/ Jacob Y. Statman    </u>
                                      Jacob Y. Statman, Esq.
                                      Snider & Associates, LLC
                                      Counsel for Appellants